UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ATACO STEEL PRODUCTS ) <br> CORPORATION, THE AMERICAN ) <br> INSURANCE COMPANY, ) <br> NORTHWESTERN NATIONAL ) <br> CASUALTY COMPANY, ST. PAUL ) <br> TRAVELERS INSURANCE COMPANY, and ) <br> UNITED STATES FIDELITY & ) <br> GUARANTY COMPANY, ) <br> ) <br> Defendants. ) | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Continental Casualty Company, by and through counsel, and for its Complaint for Declaratory Relief against Defendants The American Insurance Company, Northwestern National Casualty Company, St. Paul Travelers Insurance Company, United States Fidelity & Guaranty Company (collectively, the "Insurer Defendants"), and Defendant Ataco Steel Products Corporation, alleges as follows:

## **PARTIES**

1. Plaintiff Continental Casualty Company ("Continental") is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

1735653.1

2. Upon information and belief, Defendant Ataco Steel Products Corporation ("Ataco") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in Cedarburg, Wisconsin.

3. Upon information and belief, Defendant The American Insurance Company ("AIC") is a corporation organized under the laws of the State of Ohio with its principal place of business in Novato, California.

4. Upon information and belief, Defendant Northwestern National Casualty Company ("NNCC") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in West Chester, Ohio.

5. Upon information and belief, Defendant St. Paul Travelers Insurance Company ("Travelers") is a corporation organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut.

6. Upon information and belief, Defendant United States Fidelity & Guaranty Company ("USF&G") is a corporation organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and Wisconsin Statutes §§ 801.05(1) and/or 801.05(10) in that the Defendants, *inter alia*, are engaged in substantial activities within the State of Wisconsin and/or issued insurance contracts to a Wisconsin resident out of which the instant dispute arises.

8. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 2201 because an actual and justiciable controversy exists between Continental and each

Defendant and 28 U.S.C. § 1332 because complete diversity exists among the parties and the total amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the contracts of insurance as described herein were issued to the insured in this District and the Site at issue as described herein is located in this District, and therefore a substantial part of the events giving rise to the dispute occurred in this District.

## THE INSURANCE POLICIES

10. Continental issued a commercial umbrella liability policy bearing the number UMB 04 992 94 26 to Ataco for the period of January 3, 1982, to January 3, 1983 (the "Continental Policy"). A true and correct copy of the Continental policy is attached hereto as Exhibit A.

11. Subject to the limits of liability, exclusions, conditions, declarations, and other terms of the Continental Policy, Insuring Agreement 1 contained in the Continental Policy, titled "Coverage A—Excess Liability Indemnity," obligates Continental to "indemnify the insured for loss in excess of the total applicable limits of liability of underlying insurance stated in the schedule."

12. Paragraph 8 of the Continental Policy, titled "Policy Period," states in relevant part, with respect to Coverage A, that, "This coverage applies to injury or destruction which occurs during this policy period…."

13. The Continental Policy defines the term "loss" to mean "the sums which the insured is legally liable to pay as damages."

14. Upon information and belief, AIC issued primary, umbrella, and/or excess liability policies to Ataco that provide or potentially provide coverage for Ataco's liability at the Site (as hereinafter defined) (the "AIC Policies"), including without limitation the following:

| Policy Number | Period |
|---|---|
| Unknown | 1/3/1975-1/3/1976 |
| Unknown | 1/3/1976-1/3/1977 |
| LC-235-05-21 | 1/3/1977-1/3/1978 |
| LC-235-05-21 | 1/3/1978-1/3/1979 |
| LA-278-06-14 | 1/3/1979-1/3/1980 |
| XLX-137-06-14 | 1/3/1979-1/3/1980 |
| LA-289-42-74 | 1/3/1980-1/3/1981 |
| XLX-137-06-14 | 1/3/1980-1/3/1981 |
| LA-297-31-85 | 1/3/1981-1/3/1982 |
| XLX-137-06-87 | 1/3/1981-1/3/1982 |
| XLX-148-17-28 | 12/30/1981-1/30/1982 |
| LA-308-03-35 | 1/3/1982-1/3/1983 |
| XLX-148-17-58 | 1/3/1983-1/3/1984 |

15. Upon information and belief, NNCC issued primary, umbrella, and/or excess liability policies to Ataco that provide or potentially provide coverage for Ataco's liability at the Site (as hereinafter defined) (the "NNCC Policies"), including without limitation the following:

| Policy Number | Period |
|---|---|
| 722572 | 1965-1966 |
| 722572 | 1966-1967 |
| CLA63-88-65 | 1969-1970 |
| CLA68-36-55 | 1/3/1972-1/3/1973 |
| UXL50-09-11 | 1/3/1972-1/3/1973 |
| UMB50-66-40 | 1/9/1974-10/9/1975 |

16. Upon information and belief, Aetna issued primary, umbrella, and/or excess liability policies to Ataco that provide or potentially provide coverage for Ataco's liability at the Site (as hereinafter defined) (the "Aetna Policies"), including without limitation the following:

| Policy Number | Period |
|---|---|
| 36GL-403955 CCA | 1/3/1983-1/3/1984 |
| 36GL-507265 CCA | 1/3/1984-1/3/1985 |
| 36XS-256575 WCA | 1/3/1984-1/3/1985 |

4

| | |
|---|---|
| 36GL-209258 CCS | 1/3/1985-1/3/1986 |
| 36XS-209745 WCA | 1/3/1985-1/3/1986 |
| 36GL-1127 CCS | 1/3/1986-1/3/1987 |
| 36XS-386668 WCA | 1/3/1986-1/3/1987 |
| 36GL-685-109 | 1/3/1987-10/1/1987 |
| 36XS-513859 WCA | 1/3/1987-10/1/1987 |
| 36GL-5156649 CCS | 10/1/1987-10/1/1988 |
| 36XS-538600 | 10/1/1987-10/1/1988 |

17. Upon information and belief, Travelers is the successor to Aetna's obligations under the Aetna Policies.

18. Upon information and belief, Travelers issued primary, umbrella, and/or excess liability policies to Ataco that provide or potentially provide coverage for Ataco's liability at the Site (as hereinafter defined) (the "Travelers Policies"), including without limitation the following:

| Policy Number | Period |
|---|---|
| Y630-181X3371-TIL-96 | 6/30/1996-6/30/1997 |
| YSM-CUP-721J798-6-T | 6/30/1996-6/30/1997 |
| Y630-181X3371-TIL-97 | 6/30/1997-6/30/1998 |
| YSM-CUP-721J798-6-T | 6/30/1997-6/30/1998 |

19. Upon information and belief, USF&G issued primary, umbrella, and/or excess liability policies to Ataco that provide or potentially provide coverage for Ataco's liability at the Site (as hereinafter defined) (the "USF&G Policies"), including without limitation the following:

| Policy Number | Period |
|---|---|
| CGA90400 | 1/3/1956-1/3/1957 |
| CGA-103786 | 1/3/1957-1/3/1958 |

**THE UNDERLYING CLAIM**

20. Upon information and belief, Ataco is liable for a share of the costs in connection with the remediation of environmental contamination emanating from a site located at 1040 9th Avenue in Grafton, Wisconsin, which Ataco is alleged to have owned between 1957 and 1987 (the "Site").

5

21. Upon information and belief, Ataco is required under an Interim Funding Agreement to pay fifty percent of monthly retainer invoices due to GZA GeoEnvironmental Services, Inc. ("GZA"), for GZA's work in connection with the remediation of the Site.

22. On June 6, 2016, Ataco informed Continental that it was designating the January 3, 1982, through January 3, 1983, policy year to provide indemnity for the remediation of the Site.

23. On June 6, 2016, Ataco also informed Continental that the $250,000 limit of the January 3, 1982, through January 3, 1983, AIC primary policy had been exhausted by payment of GZA invoice 0718956.

24. On June 6, 2016, Ataco also informed Continental that, given the exhaustion of the $250,000 limit of the January 3, 1982, through January 3, 1983, AIC primary policy, Ataco would provide future GZA invoices to Continental for payment under the Continental Policy.

25. On June 23, 2016, pursuant to a reservation of all of its rights, Continental accepted Ataco's demand for indemnity under the Continental Policy of covered losses arising out of the Site.

26. On August 16, 2016, Continental made a payment to GZA under the Continental Policy in the amount of $307,500 for professional services through July 31, 2016.

27. On August 30, 2016, Continental made a payment to GZA under the Continental Policy in the amount of $320,000 for professional services through August 31, 2016.

28. Continental anticipates that it will incur substantial additional sums to indemnify Ataco under the Continental Policy for Ataco's liability arising out of the remediation of the Site.

29. Upon information and belief, with the exception of the January 3, 1982, through January 3, 1983, policy year, Ataco has not designated any other policy year to provide indemnity for the remediation of the Site.

30. On September 6, 2016, Continental sent letters to each of the Insurer Defendants notifying them of Continental's demand for contribution for sums paid by Continental to indemnify Ataco for its liability at the Site. The letters requested a response within ten days acknowledging and assuming their indemnity obligations for the Site and the reimbursement of each Insurer Defendant's respective pro rata share of all losses incurred by Continental.

31. None of the Insurer Defendants has acknowledged or assumed its indemnity obligations for the Site or agreed to reimburse Continental for its pro rata share of the losses it has incurred.

## COUNT I
**(Declaratory Judgment—Against All Defendants)**

32. Continental incorporates by reference the allegations in Paragraphs 1 through 31 above as if fully set forth herein.

33. Upon information and belief, Ataco's liability at the Site involves damages caused by alleged releases of contaminants into the environment over the course of many years.

34. The Continental Policy requires Continental to pay only a pro rata share of indemnity costs or any defense costs paid as a consequence of a covered occurrence, based on the Continental Policy's time on the risk.

35. An actual controversy exists between Continental and Ataco regarding the proper method of allocating the costs incurred in connection with the Site among the parties.

36. Continental desires a judicial determination of the respective rights and obligations of the parties with respect to the proper allocation of costs incurred in connection

with the Site. A determination of the rights and obligations of the parties is necessary at this time so that Continental can determine the extent of its obligation, if any, to indemnify Ataco for the costs incurred in connection with the Site.

## COUNT II
### (Contribution, Subrogation, Indemnification, Allocation, and/or Other Similar Legal or Equitable Relief—Against the Insurer Defendants)

37. Continental incorporates by reference the allegations in Paragraphs 1 through 36 above as if fully set forth herein.

38. Continental has made payments totaling at least $627,500 under the Continental Policy in respect of its obligation to indemnify Ataco for its liability arising from the Site.

39. Upon information and belief, the policies issued to Ataco by the Insurer Defendants impose on each of the Insurer Defendants the same obligation to indemnify Ataco for its liability arising from the Site.

40. The payments made by Continental are in amounts in excess of Continental's fair share of the obligation to indemnify Ataco for its liability arising from the Site.

41. Continental is entitled to recover from the Insurer Defendants pursuant to rights of contribution, subrogation, indemnification, allocation and/or any other similar legal or equitable cause of action, their respective allocable shares of the amounts paid by Continental in respect of Ataco's liability at the Site in excess of Continental's fair share thereof.

## COUNT III
### (Declaratory Judgment—Against the Insurer Defendants)

42. Continental incorporates by reference the allegations in Paragraphs 1 through 41 above as if fully set forth herein.

43. Continental anticipates that it will make future payments under the Continental Policy in respect of its obligation to indemnify Ataco for its liability arising from the Site.

44. Upon information and belief, the policies issued to Ataco by the Insurer Defendants impose on each of the Insurer Defendants the same obligation to indemnify Ataco for its liability arising from the Site.

45. Continental anticipates that the payments to be made in the future by Continental will be in amounts in excess of Continental's fair share of the obligation to indemnify Ataco for its liability arising from the Site.

46. Continental is entitled to recover from the Insurer Defendants pursuant to rights of contribution, subrogation, indemnification, allocation and/or any other similar legal or equitable cause of action, their respective allocable shares of the amounts to be paid in the future by Continental in respect of Ataco's liability at the Site in excess of Continental's fair share thereof.

47. An actual controversy has arisen and now exists among Continental and the Insurer Defendants concerning their respective rights and obligations with respect to indemnifying Ataco for its liability at the Site.

48. Continental desires a judicial determination of the respective rights and obligations of the parties with respect to indemnifying Ataco for its liability at the Site. A determination of the rights and obligations of the parties is necessary at this time in order to avoid a multiplicity of suits, and so that Continental can ascertain its right to contribution, subrogation, indemnification, allocation, and/or any other similar legal or equitable cause of action.

WHEREFORE, Continental prays for judgment in its favor and against all Defendants as follows:

A. Declaring that Continental is obligated to pay only a pro rata share of the costs arising out of Ataco's liability at the Site;

B. Awarding to Continental damages against each Insurer Defendant in an amount to be proven at trial;

C. Awarding to Continental prejudgment interest at the statutory rate from the date the obligation was due until the entry of judgment;

D. Declaring that Continental is entitled to contribution, subrogation, indemnification, allocation and/or similar relief from the Insurer Defendants under one or more of the Insurer Defendants' policies for payments to be made in the future by Continental to indemnify Ataco for its liability at the Site;

E. Awarding to Continental its costs, fees, interest, and disbursements as allowed by law; and

F. For all such other or further relief as the Court deems just, proper and equitable.

## JURY DEMAND

Continental demands a jury trial as to all issues so triable.

Dated: September 26, 2016

MEISSNER TIERNEY FISHER & NICHOLS S.C.

By: /s/ Michael J. Cohen
    Michael J. Cohen
    State Bar No. 1017787
    mjc@mtfn.com
    Joseph J. Sarmiento, Esq.
    State Bar No. 098107
    jjs@mtfn.com
    111 East Kilbourn Avenue, 19th Floor
    Milwaukee, WI 53202
    Tel: (414) 273-1300
    Fax: (414) 273-5840

and

Patrick T. Walsh (admission pending)
Illinois State Bar No. 6202062
pwalsh@hww-law.com
Seth M. Jaffe
Illinois State Bar No. 6294346
sjaffe@hww-law.com
HINKHOUSE WILLIAMS WALSH LLP
Two Prudential Plaza
180 North Stetson Avenue
Suite 3400
Chicago, IL 60601
Tel: (312) 784-5400
Fax: (312) 784-5499

*Counsel for Plaintiff Continental Casualty Company*